# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| William Seebold<br>  *Plaintiff*<br><br>v.<br><br>Federal National Mortgage<br>  Association ("Fannie Mae")<br>  *Defendant*<br>Serve:<br>  Kentucky Secretary of State<br><br>Seterus, Inc.<br>  *Defendant*<br>Serve:<br>  CT Corporation System<br>  306 W. Main Street<br>  Suite 512<br>  Frankfort, KY 40601 | Case No.  3-14-cv-862-S |

## COMPLAINT

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., which was enacted to promote fairness and accuracy in credit reporting.

2. Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. ("Seterus") requested and obtained a copy of Mr. Seebold's consumer credit report from Defendant Equifax Information Services, LLC ("Equifax") without a permissible purpose as required by the FCRA. In particular, Fannie Mae and Seterus requested Mr. Seebold's consumer credit report purportedly for an account review, but the "account" was discharged and extinguished in Mr. Seebold's Chapter 7 Bankruptcy case. The "account" was the note and mortgage on Mr. Seebold's home. Fannie Mae and Seterus requested and obtained Mr. Seebold's Equifax consumer credit report *after* the home secured by the mortgage had been sold at auction and the deed to the property transferred from Fannie Mae to the purchaser of the property. Consequently, there was no account for either Fannie Mae or Seterus to review.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

4. Plaintiff William Seebold, Jr. is an individual person residing in Jefferson County, KY and is and was at all relevant times a "person" as defined by the FCRA. 15 U.S.C. § 1681a(c).

5. Defendant Federal National Mortgage Association ("Fannie Mae") is a federally chartered corporation with its executive offices located at 3900 Wisconsin Avenue, NW Washington, DC 20016.

6. Defendant Seterus, Inc. is a mortgage servicer with its headquarters and principal place of business located at 3039 Cornwallis Road, Building 203, #AA145, Research Triangle Park, NC 27709. Seterus services mortgage loans in Kentucky and throughout the United States.

## FACTS

7. On March 7, 2012, Fannie Mae filed a complaint in the Jefferson Circuit Court for foreclosure and order of judgment of sale of Mr. Seebold's personal residence located at 5417 Billtown Rd., Louisville, KY 40299-4151.

8. On October 1, 2012, Mr. Seebold filed an emergency voluntary petition for relief under the Bankruptcy Code. In re Seebold, Chapter 7 No. 12-34449 (Bankr. W.D. KY.).

9. On October 15, 2012, Mr. Seebold filed the remaining schedules in his bankruptcy case.

10. Mr. Seebold listed his personal residence as real property on Schedule B and placing a value of $180,000.00 on the property without exemptions.

11. Mr. Seebold listed Seterus, Inc. as the secured creditor on the mortgage on his residence on Schedule D.

12. Fannie Mae was the holder of the note and mortgage on Mr. Seebold's home.

13. Mr. Seebold did not reaffirm his debt with Fannie Mae or Seterus.

14. On January 9, 2013, the Bankruptcy Court entered an order granting Mr. Seebold "a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)."

15. On February 12, 2013, the Jefferson County Master Commissioner sold Mr. Seebold's residence at a judicial sale. (A copy of the Commissioner's Report of Sale is attached as Exhibit "A".)

16. On February 27, 2013, the Jefferson County Master Commissioner transferred the Commissioner's Deed on Mr. Seebold's home to the purchaser at the judicial sale. (A copy of

the Commissioner's Deed is attached as Exhibit "B".)

17. The sale and transfer of the deed to the purchaser of Mr. Seebold's home at the judicial sale extinguished Fannie Mae's mortgage lien on the property.

18. On November 26, 2013, Fannie Mae requested and obtained a copy of Mr. Seebold's consumer credit report from Equifax purportedly for purposes of account review.

19. On August 27, 2013, Seterus requested and obtained a copy of Mr. Seebold's consumer credit report from Equifax purportedly for purposes of account review.

20. At the time that Fannie Mae and Seterus requested and obtained Mr. Seebold's consumer credit report from Equifax, Fannie Mae and Seterus both knew that Mr. Seebold's debt with Fannie Mae had been extinguished by the Bankruptcy discharge.

21. At the time that Fannie Mae and Seterus requested and obtained Mr. Seebold's consumer credit report from Equifax, there was no account between Mr. Seebold and Fannie Mae or Seterus for either Fannie Mae or Seterus to review.

22. At the time that Fannie Mae and Seterus requested and obtained Mr. Seebold's consumer credit report from Equifax, neither Fannie Mae nor Seterus had a legitimate business need to obtain Mr. Seebold's consumer credit report.

## CLAIMS FOR RELIEF

### I. Claims against Federal National Mortgage Association

23. The foregoing acts and omissions of Fannie Mae constitute violations of the FCRA, including, but not limited to:

> Fannie Mae knowingly and intentionally violated 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that Equifax furnish it with a copy Mr. Seebold's consumer report. Therefore, Fannie Mae is liable to Mr. Seebold for statutory damages of $1,000.00 for its impermissible request or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### II. Claims against Seterus, Inc.

24. The foregoing acts and omissions of Seterus, Inc. constitute violations of the FCRA, including, but not limited to:

> Seterus knowingly and intentionally violated 15 U.S.C. § 1681b(f) by falsely and impermissibly requesting that Equifax furnish it with a copy Mr. Seebold's consumer report. Therefore, Seterus is liable to Mr. Seebold for statutory damages of $1,000.00 for its impermissible request or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclonsumerlaw.com